Next argument, case number 18-2083, Archbold against the Secretary of VA, Ms. Booth. Thank you, Your Honor. If it pleases the Court, Sandra Booth Craig on behalf of Mr. Archbold. Finality did not attach to the August 1953 rating decision. That implicates the question of the meaning of the notice regulation at former 38 CFR 3.7. Relevant to this appeal are the meaning of the term's requirement of the notice of decision and reasons, therefore, and provisions. VA did not inform Mr. Archbold in its August 1953 letter of the decision on any particular claim. It told him only that his prior rating, a convalescent rating at 100%, which he knew was going to eventually be reduced, had been reduced to 20%. It did not identify any of the claims involved. It did not identify what rating had been assigned to any particular claim. In fact, VA had also service-connected him for two different disabilities, being the right and left thigh scars for donor sites for the skin grafts on his hands. That notice did not notify him either that VA was no longer rating him or that it just simply had dropped off the rating for his facial injuries, which he had been service-connected for. The issue then, I think, Your Honor, is what must the VA disclose to the veteran at the time it makes a decision. This is not an implicit denial case because there is no denial. Mr. Archbold, his claim was granted. The issue is whether or not notice of the decision and reasons for it and the additional language of provisions allows the agency to do no more than say, your overall rating will be reduced to 20% without informing him of the very essential issue of what claims are actually being rated, how that decision was reached. The canons of construction require giving meaning to every word and phrase in the regulation or statute. The phrase provisions, in our view, means at the very least the VA has to identify the particular claim that has been decided and that in a case where the issue is the rating, that it also must identify and disclose to the veteran the rating assigned to that particular claim. This Court's recent decision in rule, I think, is very instructive and perhaps even authoritative on that question. Rule construed a 1982 notice regulation that does not track word for word with 3.7. However, it contains the same essential elements and particularly notice of the decision and notice of the provisions of the decision. In that case, although the Court limited its holding in view of the fact that the Veterans Court said that there had been an explicit notice in that case, the Court therefore did not go on to look whether or not this might be an implicit denial case. Arguably, it may have been, but nobody raised that and the Veterans Court didn't rely on it. So, in that context, rule then construed what was required for notice to be explicit. And I would submit that notice is either implicit or explicit. And in this case, Mr. Archbold's notice was intended to be or should have been an explicit notice and rule held at the very least. At the very least, the VA must identify the claim. Because the VA did not provide an adequate notice, in our view, that finality did not attach to that rating decision. It should remain pending to this day. All of the subsequent adjudications with respect to CUE are void because there is no final decision to revise. There's no final, CUE does not lie in that circumstance where there is not a final decision. The Veterans Court, likewise in 1999, did not have jurisdiction to review the Board's decision on CUE because that decision was void. There was no CUE because there was no final rating decision. And 7252A limits Veterans Court's jurisdiction to review of final Board decisions. The question then is whether or not Mr. Archbold has a remedy. And the only potential remedy that he would have is recall of the judgment in the mandate of the 1999 CAVC decision and in order that the agency adjudications be set aside. As a general rule, we recognize that final judgments are generally not subject to collateral attack. That is a general rule, but it's not inflexible. It's not a complete bar. In this case, or in the Veterans Court rather, the Veterans Court itself has recalled judgments after the appeal time had expired because of lack of jurisdiction. And that's in the Snyder case that was cited in the briefs. This court has reviewed abuse of discretion in the CAVC's denial of recall of the mandate in the Magic case. This court in Gonzales reviewed and affirmed the, I believe it was the FAA's, modification of a prior final award because that award exceeded the scope of the waiver of sovereign immunity in that case. We think, Your Honor, that the appropriate test that balances the interests of finality with the interests of the integrity of the court, as well as fairness to the parties, is that which the Supreme Court discussed in United Student Aid Funds. And that was a Rule 60B case, 60B-4 regarding void judgments. And the court there said that recall of the mandate and the judgment for lack of jurisdiction ought to be limited to the exceptional basis of when the court lacked even an arguable basis for jurisdiction. This is that case. The Veterans Court in 1999 did not have an arguable basis for jurisdiction because of the void board decision which relates back to the non-finality of the August 1953 rating decision. I will reserve the rest of my time unless the court has questions. Okay. Thank you. Thank you. Ms. Tanton. Thank you, Your Honor. May it please the court. The Veterans Court correctly concluded that the Doctrine of Race Judicata barred Mr. Archibald's claim of clear and unmistakable error or cue related to the application of Diagnostic Code 7801. Mr. Archibald seeks a second fight at the apple renewing a cue claim decided in 1999 in another attempt to obtain an earlier effective date. Mr. Archibald's focus on the notice in the 1953 decision avoids the issue actually decided by the Veterans Court. The legal analysis of the Veterans Court in determining the question of race judicata correctly was correct. And it focused on it was based on facts found by the Veterans Court, which the court does not have jurisdiction to review. Mr. Archibald has only disputed element one to the race judicata analysis of Veterans Court, which is that the 1999 Veterans Court decision was a valid and final decision. The Veterans Court made factual findings and made application of law to fact in determining that the 1999 Veterans Court decision was valid and final. It made factual findings that the board in 1997 found that the 1953 decision was final and that Mr. Archibald's 2012 claim was based on the same factual basis considered in the 1997 board decision. A challenge to the Veterans Court conclusion that a decision is final is a challenge to the Veterans Court's fact finding and application of law to the facts as the court concluded in Halsey v. McDonald in 2015. The court lacks jurisdiction to directly review the 1999 Veterans Court decision, which it appears may be what Mr. Archibald seeks. Applying the facts found by the Veterans Court, the Veterans Court analysis of race judicata as a legal question was proper and Mr. Archibald doesn't challenge the legal analysis of the Veterans Court. Mr. Archibald makes two arguments as to why race judicata shouldn't apply and they relate to his argument that the 1953 decision was not final and an argument that there was a jurisdictional defect in the 1997 board decision. However, neither of those arguments are ones that can be successful. The court lacks jurisdiction to consider the question of finality of the 1953 decision. It would be a challenge to the Veterans Court's fact finding in 1999. In fact, it is a collateral attack on the Veterans Court's conclusion in 1999 that it had jurisdiction. The court explained in the Gonzalez decision cited by Mr. Archibald that there was one notable exception to the general rule that a collateral attack on jurisdiction is not allowed and that was because in that case there was a question of sovereign immunity and that's not present here. Mr. Archibald has claimed that a party cannot confer subject matter jurisdiction on a court. However, in this case, we're not dealing with the jurisdiction of the Veterans Court. In the case below, we're dealing with its jurisdiction in 1999 making this a collateral attack. In addition, Mr. Archibald invited the error that he is stressing now. He argued for many years that there was Q in the 1953 rating decision, meaning that he agreed that it was a final decision. In addition, even if the 1953 decision was not final, it doesn't affect the decision on the DC 7801 Q claim. As the court found in Knowles, the veteran is not required to obtain a termination on finality in order to bring a Q claim and a claim of the need for adjudication of finality rings hollow. The claim that Mr. Archibald makes of a jurisdictional defect in the 1997 board decision and the 1999 Veterans Court decision is also one that the court can't review due to its factual nature. In addition, it represents a collateral attack on jurisdiction. Mr. Archibald also invited that error by moving forward with the 1997 board proceedings, although he now claims that the board did not have jurisdiction at that time. In fact, as we've explained in our briefs, Mr. Archibald did raise the DC 7801 Q claim in November 1991 before the board. And after remand, it was denied by the regional office. Therefore, there was a decision that would enable the board to have jurisdiction, which Mr. Archibald has claimed it did not. Mr. Archibald also claimed that he didn't submit a notice of disagreement to the 1992 supplemental statement of the case. There were two of those, and that means that the board didn't have jurisdiction in 1997. However, as we pointed out in our brief at page 30, note 11, 38 CFR 19.38 provides that if there is remand and full relief is not awarded, the case automatically comes back to the board and there's no need for a notice of disagreement for the board to have jurisdiction. And finally, Mr. Archibald has claimed that there are exceptional circumstances allowing recall of the 1999 Veterans Court mandate. Mr. Archibald did not file a motion to recall the 1999 Veterans Court case in that case, which was 97-326. Instead, he's made a collateral attack in the current case, which is an appeal of the 2016 board decision. As explained in our brief, a freestanding finality challenge should not be allowed, as the court concluded in Knowles. And none of the exceptional circumstances identified by courts in the decisions cited by Mr. Archibald exist here. There was no fraud or clerical mistake. There was no issue of sovereign immunity, as in the court's Gonzales decision. And in addition, Mr. Archibald's assertions about notice aren't ones that make sense in this context. Prior to February 1990, the VA was not required to provide the specificity of reasons that Mr. Archibald is claiming were required. And as the Veterans Court noted in 1999, the reasons provided were frequently not very detailed. And the Veterans Court decision, therefore, should be affirmed. If the court has no further questions, we again request that the court affirm the Veterans Court decision. Thank you. Ms. Ruth. Thank you, Your Honor. Your Honor, almost all of the arguments which the Secretary presented represented a difference in the party's reading of the case law. That's covered in the briefs, and unless the court has more questions about that, I would refer to the briefs. I would note, though, each clear and unmistakable error assertion is a separate claim. So a remand of one CUE theory does not give the agency, does not give the board, jurisdiction over a separate CUE theory. They're just not the same thing. It is the same as though the court remanded a rating decision for a broken leg, and the board then also took jurisdiction of a PTSD claim. Separate claims, each separate claim has to be the subject of a notice of disagreement, or the board does not have jurisdiction over it. Also, one quick note about the Secretary's argument that prior to 1990, in referring to the Natale case, the agency was not required to give specific reasons or bases for its decisions, not required to explain them well. I would note, number one, that Natale was based on a new statute, and the court held that statute was not retroactive. That reasons or bases requirement, though, has been in the regulations going back to before Mr. Archibald's 1953 claim, and Natale did not address that for whatever reason. I assume the parties didn't raise it. But even more importantly, this is not a question of whether or not the VA adequately explained its decision in 1953. The question is whether it adequately gave notice of what that decision was. The bare bones of what did they decide and what's the claim that was decided, regardless of whether they explained it adequately. The veteran was entitled as rule holds, and rule interpreted a 1982 notice reg. VA, at the very least, minimally has to tell the veteran what claim it's deciding. That didn't happen here. And the failure of notice interrupts the finality of the 1953 decision and voids all of the other subsequent CUE adjudications in Mr. Archibald's case. We would ask that the court find that the CAVC abused its discretion in implicitly denying recall of the mandate and the judgment, and that the court order recalled and order the court below to likewise remand with an order that the agency adjudications be set aside. Thank you. Thank you both. The case is taken under submission. That concludes this panel's arguments for this morning. All rise.